UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON SKINNER, | ) |
|         Petitioner, | ) |
| v. | ) No. 1:20-cv-00540-TWP-MJD |
| WARDEN, | ) |
|         Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Jason Skinner petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number WVE 18-04-0161. For the reasons explained in this Order, Mr. Skinner's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.     The Disciplinary Proceeding

On September 4, 2019, Indiana Department of Correction (IDOC) Correctional Officer M. Fuentes wrote a Report of Conduct charging Mr. Skinner with possession of dangerous or deadly contraband, a violation of the IDOC's Adult Disciplinary Code offense A-106. The Report of Conduct states:

> On 9/4/2019 at approximately 11:30AM I, Officer M. Fuentes, completed a search in O-unit cell 18 that housed Offender Skinner, Jason #249929 (O-18L). During my search I did locate one piece of metal that was approximately 8 inches in length with one end that was in the beginning stages of being sharpened to a point. I was able to identify the property in the surrounding area due to finding items with the offender's name on it. The item was found when I pulled out the lower right drawer and searched the space behind it. The item was laying towards the back at which point I removed it and secured it on my person. The item was removed from the cell and photographed, then secured into I.I. as evidence.

Dkt. 1-1 at 2; dkt. 7-1 (spacing error corrected).

Mr. Skinner was notified of the charge on September 12, 2019, when he received the Screening Report. Dkt. 7-4. He pled not guilty to the charge, did not request physical evidence, but did ask for statements from two other offenders and an officer. Dkt. 7-4 at 2.

The disciplinary hearing was held on September 20, 2019. Mr. Skinner told the hearing officer that he had only been in the cell for four days and had not thought about searching the room for contraband. Dkt. 1-1 at 1. He said that the weapon did not belong to him and he had never seen it before.  The requested witness statements attested to Mr. Skinner's good character. Dkt. 7-7 at 1-8. The hearing officer considered the staff reports, Mr. Skinner's statement, a photograph of the weapon, and in-person testimony from Correctional Sergeant Bowen and found Mr. Skinner guilty of the charged offense. Dkt. 1-1 at 1. The hearing officer wrote that the character witness statements were not relevant to the case. The sanctions imposed included a sixty-day loss of earned

2

credit time, the imposition of a previously suspended thirty-day earned credit time deprivation, and a one-class demotion in credit-earning class. *Id.*

Mr. Skinner appealed to the Facility Head (Warden). Dkt. 7-8. The Warden denied the appeal. Dkt. 7-9. At some point during the appeals Mr. Skinner found a letter from the previous occupant of his cell, Offender Stephen Voils, who claimed ownership of the weapon. Dkt. 1-3; dkt. 7-12. The record is not clear on exactly how the letter came to be found. Mr. Skinner supplemented his Final Reviewing Authority appeal with the letter, dkt. 7-10, but his appeal was nevertheless denied. Dkt. 7-13. Mr. Skinner then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Warden has filed his response. Dkt. 7. Mr. Skinner did not file a reply.

**C.     Analysis**

In his petition, Mr. Skinner presents only two grounds for relief. First, he argues that he is entitled to habeas corpus relief because officials "refused to lift DNA samples and finger prints" from the weapon. Dkt. 1 at 2. Second, Mr. Skinner seeks habeas corpus relief because the IDOC's Final Reviewing Authority official "made false claims" in denying his appeal, specifically that the disciplinary hearing officer had access to the Voils letter when in fact he did not. *Id.*

**1.     Ground One**

The Warden contends that Mr. Skinner did not raise his first ground for relief in his administrative appeals. Dkt. 7 at 9. Mr. Skinner pled in his petition that he had not exhausted this ground, explaining that he did not do so because he "honestly thought that the confession letter from Mr. Voils was enough the overturn" his disciplinary conviction. Dkt. 1 at 2. Reviewing Mr. Skinner's appeal to the Warden and the Final Reviewing Authority shows that Mr. Skinner did

not raise this issue or make any arguments that could be construed to make the argument in the appeals. *See* dkts. 7-8 & 7-10.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The failure to raise the issues in both steps of the administrative appeal process results in those issues being unexhausted, and if the time for raising the issues in an administrative appeal has passed, the unexhausted issues are procedurally defaulted. Habeas corpus relief cannot be granted on a procedurally defaulted claim. *Id.* For this reason, habeas corpus relief on Mr. Skinner's first ground is **denied**.

## 2. Ground Two

In his second ground for relief, Mr. Skinner argues that when the Final Reviewing Authority Officer denied his appeal and wrote that the disciplinary hearing officer had access to the Voils letter, it constituted "false claims" that entitle him to habeas corpus relief. Dkt. 1 at 2.

The Voils letter, taking responsibility for ownership of the weapon, was not "found" until October 17, 2019. *Id.* The disciplinary hearing had been held twenty days earlier on September 20, 2019. *Id.* Therefore the disciplinary hearing officer could not have had access to the letter, but in her correspondence to Mr. Skinner she erroneously stated otherwise.

Unfortunately for Mr. Skinner, habeas corpus relief is available only for violations of federal due process rights. The Constitution does not require a state to have an administrative appeals system, and therefore any errors or deficiencies in the appellate system does not violate due process. The Supreme Court in *Wolff* made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such

proceedings does not apply." 418 U.S. at 556. The due process rights that apply, which are set forth in detail in *Wolff*, do not include any safeguards during an administrative appeal, nor even a right to appeal at all. And the procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Therefore habeas corpus relief due to the Final Reviewing Authority Officer's erroneous statement is not available to Mr. Skinner.

Mr. Skinner characterized the error about the Voils letter being available to the disciplinary hearing officer at the time of the hearing as a "false claim," perhaps implying that it was intentional. But even if it was, it still would not be a basis for habeas corpus relief. False statements, even intentionally false statements such as planted evidence, do not violate federal due process in prison disciplinary proceedings. "[W]e have long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999); s*ee also Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994); *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987); *Hanrahan v. Lane*, 747 F.2d 1137, 1139-41 (7th Cir. 1984).

For these reasons, habeas corpus relief on Mr. Skinner's second ground for relief is **denied**.

D.   **Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Skinner to the relief he seeks. Accordingly, Mr. Skinner's petition for a writ of habeas corpus is **denied** and this action is **dismissed** with prejudice.

Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 12/15/2020

                                                                                                      _____
                                                                                                      Hon. Tanya Walton Pratt, Judge
                                                                                                      United States District Court
                                                                                                      Southern District of Indiana

Distribution:

Jason Skinner
249929
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

David Corey
Indiana Attorney General
david.corey@atg.in.gov